# IN RE KLEMM.

---

PATENTS; INVENTION; COMBINATION OF OLD ELEMENTS; DOUBLE USE.

1. A seam for sewed articles consisting of two crossed threads on the upper surface of the fabric and a single locking-thread crossing the seam below the fabric *held* not patentable in view of two French patents, showing two parallel rows of stitches crossed on the upper surface and secured on the under side by two straight parallel lines of shuttle-threads, one to each of the lines of needle-thread stitches; and an American patent showing two straight parallel lines of needle-thread stitches not crossed on the surface of the goods, the stitches of both lines secured on the under side of the work by a single transverse hook-thread; the substitution for the two locking-threads used in the old cross-thread seam of the single locking-thread, before used in the parallel stitch-seam, not being invention, but double use.

2. A new combination of two old elements so as to make a new article, is patentable only when it results in producing a new and useful article, within the meaning of the patent law.
3. The article or thing invented or the improvement claimed must be both new and useful, in order to be patentable, and not known or used by others in this country before the applicants' invention, and not patented or described in any printed publication in this or any foreign country before such alleged invention.
4. An improvement to be patenable must be shown to be the result of an act of invention, as distinguished from an act of applied skill by those familiar with the state of the art.
5. If the act of apparent invention or improvement be a mere modification, variation or carrying forward of a principle involved in a previous invention or discovery, it will not be patentable; nor is an improvement patentable which is merely a new application of knowledge already possessed by those skilled in the art.

No. 202   Patent Appeals.   Submitted November 11, 1902.   Decided February 3, 1903.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent for an alleged improvement in a seam for sewed articles.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. T. Walter Fowler* and *Mr. A. P. Thayer* for the appellant.

*Mr. J. M. Coit* for the Commissioner of Patents.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal from the Patent Office, from a decision of the Commissioner of Patents, refusing a patent upon the claim of the appellant, Hermann A. Klemm. The claim is for a patent for an improvement in a seam for sewed articles, filed January 21, 1901. The application was rejected a second time by the primary examiner, whereupon an appeal was taken to the examiners-in-chief. Upon that appeal the decision of the primary examiner was affirmed. From this

last decision an appeal was taken to the Commissioner in person, by whom the decision of the examiners-in-chief was affirmed.

The claim for the patent as made is as follows:

"A seam for sewed articles comprising a fabric having two parallel rows of thread-loops formed by two needle-threads passed through the work on opposite sides of a space between said rows of loops, said threads crossing on the upper surface of the work from one row of loops to the other diagonally, and said loops secured on the under side of the fabric by a locking-thread passing through both rows of needle-thread loops transversely of the line of the seam."

This claim has been rejected by all the tribunals of the Patent Office for want of novelty, and therefore not patentable. It has been rejected upon reference to the French patents to Clements No. 88,752, February, 1870, 11 Series, Vol. 115, c. 57, p. 5, pl. 3, and Sidgreaves No. 103,232, February 29, 1872, 111 Series, Vol. 12, c. 57, p. 10, pl. 8, embroidering, taken together with the United States Patent to Muther No. 344,492, June 29, 1886.

It is admitted by the appellant that the French patents show two parallel rows of stitches crossed on the upper surface and secured on the under side by two straight parallel lines of shuttle-threads; one to each of the lines of needle-thread stitches; and that the Muther patent shows two straight parallel lines of needle-thread stitches not crossed on the surface of the goods, the stitches of both lines secured on the under side of the work by a single transverse hook-thread.

The primary examiner concluded that " inasmuch as the scope of applicant's claim is directed to the surface ornamentation secured by the crossing of the threads, it would manifestly not require invention to substitute one old form of locking means underneath the fabric for another. The character of the ornamentation is not in any manner changed by such substitution. Therefore, the substitution of locking means of Muther for that of either of the French patents is not invention."

And the examiners-in-chief, in affirming the conclusion of the primary examiner, said "that they were of opinion that the stitch may be unpatentable even if devices for producing it have never been made the elements of a single organized mechanism. This we find to be the case, for, in our opinion, it required no invention to use the single locking-thread of Muther in the stitches of the French patents, the idea of substituting one locking-thread for two locking-threads being obvious, in view of Muther's disclosure."

And the Commissioner, in affirming the opinion of the examiners-in-chief, says:

"The references show that it is old to form a seam by passing the crossed threads through the fabrics so as to form loops, and, by using two locking-threads, binding the rows of loops separately. It is also old to use a single locking-thread passed transversely through parallel rows of loops in a seam in which the needle-thread stitches are not crossed, but are arranged in straight parallel lines. The question presented, therefore, is whether or not it is invention to substitute for the two locking-threads of the old cross-thread seam, the single locking-thread of the parallel stitch-seam. Such a substitution appears to be that of an old element for another old element, with no change in the result."

It is contended, however, by the appellant, that the new combination of these two old elements so as to make a new article is clearly within a well-known rule of patent law. This, as a general principle applicable in many cases, may be conceded. But the combination of the old elements must result in producing a new and useful article, within the meaning of the patent law. The article or thing invented must be both new and useful, or the improvement claimed must be both new and useful, and not known or used by others in this country before the applicant's invention, and not patented or described in any printed publication in this or any foreign country before such alleged invention. It is not every improvement, however, that will entitle a party to a patent therefor. The matter for which the patent is claimed must be shown to be the result of an act of inven-

tion, as distinguished from an act of applied skill by those familiar with the state of the art. Many and various improvements may be made upon articles of former use, but which may not be the subject of a patent. Nor will every act of apparent invention entitle the party to a patent. If the act or improvement be the mere modification, variation, or carrying forward of the principle involved in a previous invention or discovery, a patent will be denied. No patent should issue, nor will it be valid if issued, for an improvement which is merely a new application of knowledge already possessed by those skilled in the art. *Ryan* v. *Hard,* 145 U. S. 241, 246; *Grant* v. *Walter,* 148 U. S. 547, 553, 555; *Market St. Cable Ry. Co.* v. *Rowley,* 155 U. S. 621, 629.

Deeming it unnecessary to extend this opinion, and in view of the well-settled principles of the patent law to which we have referred, and with the reference patents before us, we fail to discover in this case anything to justify the conclusion that the claim of the appellant is such as to entitle him to a patent for the invention of a new and useful improvement for the sewing of seams. We must therefore affirm the decision of the Commissioner of Patents; and the case with this opinion will be certified to the Commissioner of Patents, in accordance with the direction of the statute; and it is so ordered. *Decision of Commissioner of Patents affirmed.*